Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Ginger Grimes (SBN 307168)
ggrimes@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel:  (510) 763-9800
Fax:  (510) 835-1417

Helen U. Kim (SBN 260195)
helen@helenkimlaw.com
Frank H. Kim (SBN 264609)
frank@helenkimlaw.com
HELEN KIM LAW, APC
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Tel:  (323) 487-9151
Fax:  (866) 652-7819

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIL GUPTA, COLIN GHARRITY, and MORGAN KATZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIVE NATION WORLDWIDE INC.; LIVE NATION ENTERTAINMENT, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-07081<br><br>**COLLECTIVE ACTION**<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL<br><br>Failure to Pay Overtime Wages under the Fair Labor Standards Act |

COMPLAINT

831360.2

## I. INTRODUCTION

1. Plaintiffs Anil Gupta, Colin Gharrity, and Morgan Katz bring this collective action against Defendants Live Nation Worldwide, Inc., Live Nation Entertainment, Inc., and DOES 1 through 50, inclusive (collectively, "Live Nation" or "Defendants"), on behalf of themselves and all other similarly situated individuals employed by Live Nation under the titles of "Senior Directors," "Directors," "Sales Managers," "Sales Coordinators," or other inside sales representative whose primary duty is and was to sell, cross-sell, and upsell Live Nation's products and services while at Live Nation's offices (collectively, "Reps").

2. This Complaint challenges Live Nation's misclassification of its inside sales representatives as exempt from the FLSA's overtime requirements.

3. During the entire collective action period, Live Nation uniformly and consistently misclassified Reps as exempt from overtime requirements under the FLSA.

4. During the entire relevant period, Live Nation uniformly and consistently required Reps to work more than forty (40) hours in a week without overtime pay.

5. As a result, Plaintiffs brings this FLSA collective action alleging that they and all other current and former Reps: (i) were misclassified as exempt from the overtime protections of the FLSA; (ii) are entitled to unpaid wages from Live Nation for work performed over forty (40) hours per week for which they did not receive any overtime compensation; and (iii) are entitled to liquidated damages pursuant to the FLSA.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiffs' federal FLSA claim under 28 U.S.C. § 1331.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because, upon information and belief, Defendants reside in this district and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## III. PARTIES

8. Plaintiff Gupta is a former Live Nation Director of Sales for Premium Seating. His employment with Live Nation ended in October 2017.

9. Plaintiff Gharrity is a former Live Nation Director of Sales for Premium Seating. His employment with Live Nation ended in August 2019.

10. Plaintiff Katz is a former Live Nation Senior Director of Sales for Premium Seating. Her employment with live nation ended in December 2018.

11. Defendant Live Nation Worldwide is a Delaware Corporation with its principal place of business in Beverly Hills, California and is the employer of Plaintiffs and other Reps.

12. Defendant Live Nation Entertainment is a Delaware Corporation that is jointly and severally liable as the employer of Plaintiffs and other Reps because it employed, exercised control over, and possessed the right to control and direct the wages, hours, and working conditions of Plaintiffs and other Reps. On information and belief, Live Nation Entertainment controlled the employment decisions of its subsidiary, Life Nation Worldwide. On information and belief, a unity of interest and ownership exists between Live Nation Entertainment and Live Nation Worldwide such that both entities acted as a single employer of Plaintiffs and other Reps.

13. Plaintiffs do not know the true names or capacities, whether individual, corporate, partner, associates, or otherwise, of Live Nation sued as DOES 1 through 50, inclusive, and he therefore sues such Defendants by fictitious names under Code of Civil Procedure section 474. Plaintiffs are informed and believes that each DOE Defendant is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated as DOES when such identities become known.

14. At all times herein mentioned, Defendants, and each of them, were agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

## IV. FACTUAL BACKGROUND

15. Plaintiffs seek to represent similarly situated current and former employees of Live Nation whose primary duty is and was to sell, cross-sell, and upsell Live Nation's products and services while at Live Nation's offices, including but not limited to, inside sales representatives who hold or held the job title of "Senior Director," "Director," "Sales Manager," or "Sales Coordinator."

**A.  Live Nation Uniformly Misclassifies Reps as Exempt from Overtime**

16. Pursuant to a common policy and practice, Live Nation misclassified Plaintiffs and other Reps as exempt instead of their true status as non-exempt employees.

**B.  Live Nation Fails to Pay Reps Overtime Wages**

17. As a result of Live Nation's misclassification, Live Nation fails to pay Reps overtime compensation.

18. Reps are not paid one and one-half times their regular rate of pay for the overtime hours they work beyond forty (40) in a workweek.

19. Reps' regular compensation includes both salary wages and commission wages. Reps' commission wages do not represent more than half of their total compensation.

**C.  Live Nation Fails to Keep Accurate Payroll Records for Reps**

20. Live Nation has failed to keep accurate payroll records of Reps' wages and hours worked as required by the FLSA under 29 U.S. Code § 211(c).

21. Because of Live Nation's misclassification, Live Nation did not maintain any system to track and record Plaintiffs and other Reps' actual time worked each day during their terms of employment.

## V. COLLECTIVE ACTION ALLEGATIONS

22. Plaintiffs, on behalf of themselves and all others similarly situated, re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

23. Pursuant to 29 U.S.C. § 216, Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of

> All current and former employees of Live Nation who have been given the titles of "Senior Director," "Director," "Sales Manager," "Sales Coordinator," or any other similar sales representatives whose primary duty is and was to sell, cross-sell, and upsell Live Nation's products and services while at Live Nation's offices in any state from three years prior to the filing of this Complaint to the close of the opt-in period ("Collective Action Members").

24. There are numerous similarly situated current and former Reps throughout the United States who would benefit from the issuance of a Court-supervised notice. Those similarly situated employees are known to Live Nation and are readily identifiable through Live Nation's records.

25. Plaintiffs and Collective Action Members are similarly situated because, among other things, they all: (a) had the same duties; (b) performed the same tasks; (c) were misclassified as exempt from overtime wages; (d) were paid under the same pay plans; (e) were required, suffered, or permitted to work, and did work in excess of forty (40) hours per week; and (f) were not paid at a rate of one and one-half times their regular rate of pay for all overtime hours worked.

26. As part of its regular business practice, Live Nation intentionally, willfully, and repeatedly engaged in a uniform pattern, practice, and/or policy of violating the FLSA with respect to the Collective Action Members. This policy and pattern or practice included, but is not limited to, willfully: (a) misclassifying Reps as exempt from overtime wages; (b) failing to pay Reps overtime wages for hours that they worked over forty (40) hours per workweek; and (c) failing to record all of the time that Reps worked for the benefit of Live Nation.

27. Live Nation was aware or should have been aware that federal law required it to pay employees an overtime premium for hours worked in excess of forty (40) hours per workweek.

28. Live Nation's deceptive conduct prevented Plaintiffs and all other Collective Action Members from discovering or asserting their claims earlier than they did because Live Nation, among other things, repeatedly declared that Reps were exempt from overtime.

**FIRST CAUSE OF ACTION**
**Violations of the Fair Labor Standards Act**
**[29 U.S.C. §§ 201 *et seq.*]**

29. Plaintiffs, on behalf of themselves and all Collective Action Members, re-allege and incorporate by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

30. Live Nation has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

31. Live Nation employed and/or continues to employ Plaintiffs and Collective Action Members within the meaning of the FLSA.

32. Live Nation has had annual gross revenues in excess of $500,000.

33. Plaintiffs expressly consent in writing to be a party to these collective actions pursuant to 29 U.S.C. § 216(b).

34. Plaintiffs and Collective Action Members are non-exempt employees.

35. However, Live Nation misclassifies Reps, including Plaintiffs and Collective Action Members, as exempt employees.

36. Live Nation has a policy or practice of refusing to pay any overtime compensation to Reps for hours worked in excess of forty (40) hours per week.

37. Live Nation has violated and continues to violate the FLSA, including §§ 207(a)(1) and 215(a) because Live Nation willfully fails to compensate its Reps for all hours worked and at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

38. Live Nation's conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

39. Due to Live Nation's FLSA violations, Plaintiffs, on behalf of themselves and all Collective Action Members, are entitled to recover from Live Nation unpaid wages, as well as overtime compensation, an additional amount equal to the unpaid wages and overtime as liquidated damages, reasonable attorneys' fees, and costs pursuant to § 216(b) of the FLSA, as well as further relief as described below.

831360.2

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment for themselves and for all others on whose behalf this suit is brought against Live Nation, jointly and severally, as follows:

A. Designate this action as a collective action on behalf of the Collective Action Members and authorize issuance of notice pursuant to 29 U.S.C. § 216(b) to all Collective Action Members, apprising them of the pendency of this action and permitting them to timely assert FLSA claims in this action by filing individual consents to opt into this proceeding;

B. Declare that Live Nation misclassified all Collective Action Members under the FLSA as exempt from overtime wages under 28 U.S.C. §§ 2201 and 2202;

C. Award unpaid wages, including all overtime compensation, due under the FLSA, to Plaintiffs and Collective Action Members;

D. Award pre-judgment and post-judgment interest;

E. Award reasonable attorneys' fees;

F. Award costs and expenses of this action; and

G. Award such other relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury on claims so triable.

Dated: September 2, 2021           Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/ Laura L. Ho*
Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Ginger L. Grimes (SBN 307168)
ggrimes@gbdhlegal.com

Helen U. Kim (SBN 260195)
helen@helenkimlaw.com
Frank H. Kim (SBN 264609)
frank@helenkimlaw.com
HELEN KIM LAW, APC

*Attorneys for Plaintiffs and the Putative Collective*