Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Ginger Grimes (SBN 307168)
ggrimes@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel:  (510) 763-9800
Fax:  (510) 835-1417

HELEN U. KIM (SBN 260195)
helen@helenkimlaw.com
Frank H. Kim (SBN 264609)
frank@helenkimlaw.com
HELEN KIM LAW, APC
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Tel: (323) 487-9151
Fax: (866) 652-7819

Attorneys for Plaintiffs

PAUL HASTINGS LLP
ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
CHRIS A. JALIAN (SB# 295564)
chrisjalian@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendants
LIVE NATION WORLDWIDE, INC. and LIVE NATION ENTERTAINMENT, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIL GUPTA, COLIN GHARRITY, and MORGAN KATZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 2:21-cv-07081<br><br>COLLECTIVE ACTION<br><br>**STIPULATION FOR DISMISSAL AND [PROPOSED] ORDER** |

1   Plaintiffs Anil Gupta, Colin Gharrity, and Morgan Katz ("Plaintiffs") and Defendants Live
2   Nation Worldwide, Inc. and Live Nation Entertainment, Inc. ("Defendants"), through their respective
3   undersigned counsel of record, hereby stipulate as follows:
4   WHEREAS, Plaintiffs each opted into a Fair Labor Standards Act ("FLSA") action originally
5   filed in *Wellinger v. Live Nation Worldwide, Inc.*, No. 19STCV1583 (L.A. Cnty. Super. Ct.)
6   ("*Wellinger II*") on May 2, 2019: Plaintiff Gupta joining the FLSA action on May 30, 2019, Plaintiff
7   Gharrity joining on June 27, 2019, and Plaintiff Katz joining on September 27, 2019;
8   WHEREAS, Mr. George Wellinger also had a related case pending in *Wellinger v. Live Nation*
9   *Worldwide Inc.*, No. 19STCV04397 (L.A. Cnty. Super. Ct.) ("*Wellinger I*") filed on February 8, 2019
10  alleging California wage and hour claims;
11  WHEREAS, the parties in *Wellinger I & II* engaged in mediation on December 18, 2019 with
12  experienced and respected mediator Hon. Jeffrey K. Winikow (Ret.) and agreed to resolve the claims
13  of Mr. Wellinger, the putative class of California employees Mr. Wellinger sought to represent, and the
14  individual FLSA claims of Opt-in Plaintiffs Gupta, Gharrity, and Katz;
15  WHEREAS, as part of the global settlement agreement, Mr. Wellinger agreed to consolidate
16  his California claims into *Wellinger I* and keep the FLSA claim in *Wellinger II* so that *Wellinger II*
17  could be removed to federal court;
18  WHEREAS, on February 19, 2020, Defendants filed a notice of removal of *Wellinger II* to the
19  United States District Court for the Central District of California, Case No. 2:20-CV-1612, assigned to
20  the Honorable Philip S. Gutierrez;
21  WHEREAS, at the Central District Court's direction, the parties in *Wellinger II* stipulated to
22  dismiss the case without prejudice pending approval of the California class action in *Wellinger I* and
23  the Court ordered the case dismissed on October 19, 2020;
24  WHEREAS, the Los Angeles Superior Court granted final approval of the *Wellinger I*
25  settlement on June 30, 2021, certifying the settlement class of "all current and former commission-
26  based employees of Defendants or their affiliated entities in California that held the job titles of Senior
27  Director, Director, Sales Manager, or Sales Coordinator at any time from February 8, 2015 to March
28  30, 2020" and entered Judgment on July 7, 2021;

WHEREAS, the Plaintiffs and Defendants now seek this Court's approval of the settlements of the individual FLSA claims of Plaintiffs Gupta, Gharrity, and Katz;

WHEREAS, federal courts in the Ninth Circuit follow the Eleventh Circuit's holding that settlements under the FLSA require the supervision of either the Secretary of Labor or the district court and are evaluated for whether the settlement constitutes "a fair and reasonable resolution of a bona fide dispute over FLSA provisions," *see Flores v. TFI Int'l*, No. 12-cv-05790-JST, 2019 WL 1715180 (N.D. Cal. Apr. 17, 2019) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53, 1355 (11th Cir. 1982));

WHEREAS, to facilitate the settlement of Plaintiffs' FLSA claims against Defendants, Plaintiffs filed a Complaint alleging a single cause of action under the FLSA on September 2, 2021;

WHEREAS, the three individual FLSA settlements represent fair resolution of a bona fide dispute over whether Plaintiffs were entitled to overtime wages, including disagreement between the parties over whether Plaintiffs were properly classified as exempt from overtime under the outside sales exemption, the administrative exemption, or the Section 7(i) overtime exemption for commissioned employees, and would have faced discovery and litigation over issues such as whether Plaintiffs performed office or non-manual work, whether Plaintiffs' work was related to the management or general business operation of Defendants, whether Plaintiffs exercised discretion and independent judgment, whether Plaintiffs make sales or perform promotional work, and whether Plaintiffs earned more than half their compensation in commissions;

WHEREAS, the parties also disagreed about the amount of overtime wages, if any, Plaintiffs are owed under the FLSA, with Plaintiffs estimating a maximum exposure based on a range of overtime hours from five to forty per week depending on the season (*i.e.* concert season or off-season), and a three-year limitations period and with the addition of liquidated damages based on their allegations that Defendants' actions were willful and not taken in good faith, for an average of approximately $177,000 in total damages under the FLSA for each Plaintiff. The settlement values for each Plaintiff were also based in part on the number of workweeks each Plaintiff worked during the FLSA period, with Plaintiff Gharrity working the greatest number of workweeks, then Plaintiff Katz, and then Plaintiff Gupta;

WHEREAS, Defendants have agreed to pay the following amounts for the settlement of each Plaintiff's FLSA claim: $22,000 to Plaintiff Gupta, $42,000 to Plaintiff Gharrity, and $32,000 to Plaintiff Katz, inclusive of Plaintiffs' attorneys fees and costs;

WHEREAS, each Plaintiff has signed a general release of claims against Defendants in exchange for their settlement payments;

NOW THEREFORE, the Parties stipulate as follows:

1. The settlements of the FLSA claims of Plaintiffs Gupta, Gharrity, and Katz should be approved as fair resolutions of a bona fide dispute over the FLSA's provisions; and

2. The above-titled action shall be dismissed with prejudice.

IT IS SO STIPULATED.

Dated:  September 2, 2021            Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

/s/ Laura L. Ho
Laura L. Ho

Attorneys for Plaintiffs

Dated:  September 2, 2021            Respectfully submitted,

PAUL HASTINGS LLP

/s/ Chris A. Jalian
Chris A. Jalian

Attorneys for Defendants

## SIGNATURE ATTESTATION

In accordance with Civil Local Rule 5-4.3.4, I attest that concurrence in the filing of this document has been obtained from the other signatory on this e-filed document.

Dated: September 2, 2021            /s/ Laura L. Ho
Laura L. Ho

Attorneys for Plaintiffs